50 F.3d 1096
 311 U.S.App.D.C. 144
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Bennard T. MARSHALL, Appellant,
v.
DISTRICT OF COLUMBIA, et al., Appellees.
 No. 93-7224.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 22, 1995.
 
 Before: HENDERSON, RANDOLPH, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED that the district judge's failure to recuse herself was not reversible error. It is
 
 
 3
 FURTHER ORDERED AND ADJUDGED that the judgment for defendant the District of Columbia be affirmed.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 5
 Bennard T. Marshall appeals the judgment for the District of Columbia in his lawsuit alleging denial of three promotions based on race in violation of 42 U.S.C. Sec. 2000e-2, et seq. He contends first, that the district court unfairly prejudiced him by failing to act impartially towards his counsel and by failing to rule on his motion to recuse, and second, that the district court erred in finding that he had shown insufficient evidence of background circumstances to establish a prima facie case of race discrimination and in finding that he had not demonstrated pretext or offered sufficient evidence of racial discrimination. We hold that Marshall waived the recusal claim before the trial began, and that there is no basis to set aside the district court's findings that District of Columbia officials had legitimate non-discriminatory reasons for their actions and that Marshall failed to carry his burden of proving discrimination. Accordingly, we affirm.
 
 I.
 
 6
 Recusal Motion. Marshall sued the District of Columbia in February, 1989. Between December 1989 and March 1991 the district court, Judge Norma Holloway Johnson, postponed the trial date on four occasions, three times because of conflicting criminal trials and once at Marshall's request. After the fourth continuance, Marshall's counsel filed a petition for a pre-trial conference with the Chief Judge of the United States District Court for the District of Columbia and all parties as well as Judge Johnson. Counsel also wrote to Judge Johnson requesting a firm trial date or reassignment of the case to another judge or magistrate. In addition, counsel filed a motion for a firm trial date. Thereafter, Judge Johnson conducted a status hearing on June 27, 1991, explaining that criminal trials often delay civil trials. The judge also criticized counsel for seeking review from the Chief Judge. Counsel acknowledged that he had no authority for seeking such review, but sought only to represent zealously his client's interest. Based on Judge Johnson's comments at the status conference and the several continuances, counsel filed a motion seeking the judge's recusal.
 
 
 7
 On the first day of trial, Judge Johnson asked the parties whether they were ready for trial, to which Marshall's counsel responded affirmatively, and whether any preliminary matters required rulings. Although Marshall's counsel referred to other matters, counsel did not mention the outstanding recusal motion. Following the trial, held on six days between January and June 1993, the district court ruled that Marshall failed to establish a prima facie case under Title VII, and that even if he had, he failed to prove by a preponderance of the evidence that the defendant's proffered reasons for failing to promote him were pretextual.[1] The district court never ruled on the recusal motion.
 
 
 8
 Marshall maintains in his brief on appeal that a pattern of hostility infected the proceedings and made a fair judgment impossible as evidenced by (1) the numerous continuances of the trial date, (2) the judge's remarks at the status hearing, and (3) the judge's failure to rule on his recusal motion.[2] Marshall's recusal motion presented a waivable claim under 28 U.S.C. Sec. 455(a) & (e). Although the recusal motion was supported by Marshall's affidavit stating that he "believe[s] [the judge] does not want to try my case and is biased against me and that I will not get a fair trial," Marshall's allegations are insufficient as a matter of law to support a claim of actual bias. See Jenkins v. Sterlacci, 849 F.2d 627, 634 (D.C.Cir.1988). First, Marshall neither disputes Judge Johnson's explanation that pending criminal matters took precedence over civil actions nor proffers any evidence to show that he received treatment different than other civil litigants. The common damage sustained by civil litigants because of the size of the criminal docket cannot establish judicial bias warranting recusal. Second, the Supreme Court has made clear in Liteky v. United States, 114 S.Ct. 1147, 1157 (1994), that "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." The judge's comments at the status hearing do not reflect the high degree of antagonism that Liteky indicated would require recusal. See Liteky, 114 S.Ct. at 1157; see also United States v. Chischilly, 30 F.3d 1144, 1149-50 (9th Cir.1994). Third, Marshall offers no explanation of why the judge's failure to rule on the motion is evidence of intentional bias. As discussed further below, a likely explanation for the judge not ruling on the motion was that she reasonably assumed that Marshall had withdrawn the motion.
 
 
 9
 Thus, because Marshall's recusal motion presented a waivable claim under Sec. 455(a), his decision to proceed to trial following full disclosure of the basis for the claim constituted an effective waiver of that claim. See United States v. Nobel, 696 F.2d 231, 236 (3d Cir.1982), cert. denied, 462 U.S. 1118 (1983). Marshall had full disclosure; he raised the claim in his motion. Thus, when he failed to renew his motion when the judge asked if there were any remaining preliminary matters on which she had to rule before commencing trial, Marshall waived his claim by his silence. Moreover, in light of the judge's inquiry and the silence of Marshall's counsel regarding the pending recusal motion, the judge could reasonably assume that Marshall had decided not to press the issue and in effect had withdrawn the motion.
 
 II.
 
 10
 The trial. The district court found that Marshall had failed to offer sufficient evidence of "background circumstances" to support a prima facie case of discrimination under Title VII, but that even if he had, he failed to carry his burden of establishing the reasons offered by the defendant for not promoting Marshall were pretextual. The district court's factual findings underlying this conclusion are not clearly erroneous. See Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985).[3] The court credited the testimony of District of Columbia officials about their reasons for promoting other employees over Marshall. See Bishopp v. District of Columbia, 788 F.2d 781, 786 (D.C.Cir.1986) (district court findings not clearly erroneous unless based "on an utterly implausible account of the evidence"). Thus, because the district court's finding that Marshall failed to offer sufficient evidence to demonstrate that the reasons were pretextual is not clearly erroneous, we need not address whether Marshall offered sufficient evidence to establish a prima facie case. See Bishopp, 788 F.2d at 790 (Wald, J. concurring) (only in rare instances is post-trial consideration of the prima facie case necessary).
 
 
 
 [1]
 The district court also ruled against Marshall on his age discrimination claim, which Marshall does not appeal
 
 
 [2]
 The memorandum accompanying Marshall's motion to recuse refers to the race of the parties and the district court judge, and while the reference can be read as a conclusory allegation of racial bias, Marshall, in his reply brief and at oral argument, denied that he is claiming racial bias by the judge, noting that his recusal motion made no such allegation
 
 
 [3]
 Marshall's contention that the district court's finding on pretext is subject to de novo review because it involves the application of law to facts and not simply factual findings, is meritless because he makes no claim that the judge's factual findings are insufficient to support the judgment